# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DALVIN ELLISON-BERRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3481** |
| **LEASHA JOHNSON** | **SECTION: "I"(5)** |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Dalvin Ellison-Berry filed the above-captioned matter in this Court in which he sues Defendant Leasha Johnson for refusing to return his rental deposit of $1,500.00 after he vacated the premises that he had rented from her. (Rec. doc. 1). On September 28, 2022, this Court granted Plaintiff's application to proceed *in forma pauperis*, withheld summons, and issued a Rule to Show Cause Order as to why this case should not be summarily dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B)(i-iii). (Rec. doc. 3). The Court ordered Plaintiff to respond in writing by November 1, 2022, and Plaintiff responded to the Rule to Show Cause Order on October 31, 2022. (Rec. doc. 4).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>
> * * *
>
>     (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).  In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]  A claim is also legally frivolous when the court lacks subject matter jurisdiction over it.  *Bibbs v. Harris*, 578 F. App'x 448 (5th Cir. Aug. 20, 2014); *Nixon v. Attorney Gen. of Tex.*, 537 F. App'x 512 (5th Cir. Jul. 31, 2013); Mendives v. Bexar Cnty., No. 5:21-CV-00356, 2021 WL 4708079, at *3 (W.D. Tex. June 23, 2021), *report and recommendation adopted sub nom. Mendives on behalf of R.C.M. v. Bexar Cnty.*, No. SA-21-CV-0356, 2021 WL 4705175 (W.D. Tex. Oct. 8, 2021)

The Court permitted Plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a).   However, as noted, summons did not issue in order to allow the Court to review Plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.   On its face, Plaintiff's complaint fails to meet the requirements of the statute.  There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face.*[2]

Federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[3]  To assert

---

[1]  *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2]  *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

[3]  *Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir. 1995) (quoting Fed. R. Civ. P. 12(h)(3)).

federal question subject matter jurisdiction under 28 U.S.C § 1331, Plaintiff must allege a violation of federal law. *Cangelosi v. Shang*, No. CV 20-875, 2020 WL 6049892, at *2 (E.D. La. June 2, 2020), *report and recommendation adopted sub nom. Cangelosi v. Sheng*, No. CV 20-875, 2020 WL 3638657 (E.D. La. July 6, 2020). On the face of the complaint, there is no federal question jurisdiction under Section 1331, and Plaintiff has not alleged such jurisdiction; he alleges only that Defendant violated Louisiana Revised Statute § 9:3251. (Rec. doc. 1). He alleges no violation of federal law in his complaint or in his response to the Rule to Show Cause Order.

In order for a federal court to assert diversity jurisdiction under 28 U.S.C. § 1332, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th Cir. 1986). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil*, 841 F.2d at 1259; *see McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *McGovern*, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). Failure adequately to allege the basis for diversity jurisdiction mandates dismissal. *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir. 1986); *McGovern*, 511 F.2d at 654.

Plaintiff alleges jurisdiction on the basis of the "Civil District Court of First City Court," but this does not demonstrate that the parties are diverse. (Rec. doc. 1). The parties also both have addresses in New Orleans, Louisiana, so it is not apparent from the face of Plaintiff's complaint that diversity jurisdiction exists either. Plaintiff's response to the Rule to Show Cause Order does not remedy his errors. He does not discuss diversity jurisdiction at all and states only that he "discovered that *Louisiana law* states that the [lessee] has 30 calendar days to receive either their deposit or an itemized invoice explaining damages to the property and an explanation of why [a] partial/the entire security deposit will not be returned." (Rec. doc. 4). In short, Plaintiff does not allege a violation of federal law, nor does he explain how diversity jurisdiction could exist in this state-law lawsuit between two Louisiana citizens. For these reasons,

**IT IS RECOMMENDED** that Plaintiff Dalvin Ellison-Berry's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   2nd   day of   November  , 2022.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

5